IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GUY LEONARD, JR, § | |
|   TDCJ #2323425, BOP #56768-177, § | |
|         PETITIONER, § | |
| § | |
| v. § | CIVIL CASE NO. 3:21-CV-342-N-BK |
| § | |
| U.S. MARSHALL, § | |
|         RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

On February 9, 2021, Guy Leonard, a state prisoner, filed a pleading styled *Original Applic For Writ of Mandamus* against the "Federal U.S. Marshall," which was liberally construed and filed as a petition for writ of mandamus under 28 U.S.C. § 1361. Doc. 3. Leonard also filed a motion titled *Requesting Transfered* [sic] *Back to Federal Custody*. Doc. 4. In essence, Leonard seeks by his pleadings to be transferred from state to federal custody to serve his 72-month federal sentence for possession of a firearm by a convicted felon imposed in *United States v. Leonard*, No. 3:18-CR-009-N-1 (N.D. Tex. June 6, 2019). Doc. 3 at 5; Doc. 4 at 1-2. He also requests credit toward his federal sentence for time served in state custody. Doc. 3 at 5; *see also* Doc. 4 at 2 (Leonard's assertion that, since his transfer to the Texas Department of

Criminal Justice (TDCJ), he has learned that his federal and state sentences are "not running together").

On January 13, 2021, the Court denied Leonard's first motion to be transferred to federal custody.  Crim. Doc. 74.[1]  Contrary to his assertions in the petition *sub judice*, the Court found that (1) the state had primary jurisdiction over Leonard when he appeared in federal court pursuant to a *writ of habeas corpus ad prosequendum* and was sentenced to 72 months' imprisonment, and (2) he was ordered to serve his federal sentence consecutively to any sentence to be imposed in his four, then-pending, Dallas County felony cases.  Crim. Doc. 74 at 1-2 (citing Crim. Doc. 8; Crim. Doc. 63 at 2).  Leonard was subsequently returned to state custody, where he was sentenced to five years' imprisonment for forgery of government's instruments in Dallas County, Texas, Cause Number F1757608-P—the sentence he is currently serving in TDCJ—and his remaining state charges were dismissed.[2]

Upon review, Leonard's pleadings, construed as a petition for writ of mandamus are duplicative, frivolous, and lack legal basis.  Thus, this case should be dismissed.

---

[1] All "Crim. Doc." Citations refer to the related criminal case:  *United States v. Leonard*, No. 3:18-CR-009-N-1 (N.D. Tex. June 6, 2019).

[2] The Dallas County online docket sheet and Leonard's TDCJ Offender Information Details are available at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ and https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=02873670 (last accessed on April 6, 2021).

## II.     ANALYSIS

Leonard's petition for writ of mandamus is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).[3] Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Leonard's petition for writ of mandamus is frivolous and fails to state a claim.

The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is appropriate only "when (1) the plaintiff has a clear right to relief, (2) the defendant [has] a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757,

---

[3] Although Leonard did not pay the filing fee or file a motion to proceed *in forma pauperis*, it is more efficient to assume that he seeks leave to proceed *in forma pauperis* and dismiss the petition than to require compliance with the Court's filing requirements.

768 (5th Cir. 2011); *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (noting mandamus is proper when the duty is "so plainly prescribed as to be free from doubt").

Under the facts of this case, Leonard cannot establish that the U.S. Marshal has a clear duty to transfer him to federal custody. A prisoner has no constitutional right to imprisonment in the facility of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (holding that a prisoner has "no justifiable expectation that he will be incarcerated in any particular prison"). In addition, the United States Attorney General, through the Bureau of Prisons ("BOP"), has the responsibility for administering a federal sentence. *See United States v. Wilson*, 503 U.S. 329, 335-37 (1992) (holding the Attorney General was required to compute credit after a defendant had begun to serve his federal sentence); *see also United States v. Dowling*, 962 F.2d 390, 392 (5th Cir. 1992) ("[C]redit awards are to be made by the Attorney General, through the [BOP], after sentencing."). Thus, Leonard's request for mandamus relief lacks any plausible legal basis. Moreover, as previously stated, the Court has already rejected Leonard's request to be transferred into federal custody, Crim. Doc. 74, so his petition is frivolous on that basis as well. *See Wilson v. Lynaugh*, 878 F.2d 846, 847 (5th Cir. 1989) (the petitioner's "complaint is duplicative, reasserting allegations litigated in a prior suit, and thus may be dismissed as frivolous" under § 1915).

### III.  LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Leonard's claim is fatally infirm. Thus, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, Leonard's petition for writ of mandamus should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on April 9, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).